UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

ROBERT BRYSON,                )
                              )
         Plaintiff,           )
                              )
v.                            )   No. 3:05-cv-87
                              )   (Varlan/Guyton)
CITY OF CLINTON, et al.,      )
                              )
         Defendants.          )

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 48] of the Honorable Thomas A. Varlan, United States District Judge, for disposition of Plaintiff's Motion to Enforce Partial Settlement Agreement [Doc. 46]. The Court held a hearing on this motion on April 11, 2007. Participating on behalf of the plaintiff was attorney David Wigler. Participating on behalf of the defendants was attorney Robert H. Watson, Jr.

The plaintiff moves to enforce the parties' agreement to provide the plaintiff a constitutional name-clearing hearing. The plaintiff requests that such a hearing be scheduled at a regularly scheduled meeting of the Clinton City Council and that he be permitted to subpoena witnesses. The plaintiff contends that the defendants agreed to provide the plaintiff a name-clearing hearing in response to the plaintiff's motion to amend the complaint, but that they have not scheduled the requested hearing. [Doc. 45].

The defendants oppose [Doc. 46] the plaintiff's motion, arguing that while they agreed to provide the plaintiff a name-clearing hearing before the city manager, they never agreed

to a hearing before the City Council or to the hearing being part of a partial settlement agreement. The defendants contend that the plaintiff has refused to schedule the name-clearing hearing as offered by the defendants.

In his reply brief [Doc. 47], the plaintiff argues that the defendants have breached their agreement to provide a meaningful opportunity for plaintiff to clear his name. Accordingly, the plaintiff requests that the defendants be compelled to provide the plaintiff with a hearing before the City Council and that the City of Clinton should be directed to compel the attendance of certain witnesses.[1]

Based upon the Court's review of the pleadings as well as the argument of counsel at the hearing, it is evident to the Court that while the defendants agreed to grant the plaintiff a name-clearing hearing, there was not an agreement that having such a hearing would settle any part of the case. Nor did the parties have a "meeting of the minds" as to how that hearing would be conducted. Absent an agreement on these key issues, the Court finds that there is simply no "partial settlement agreement" to enforce. Accordingly, the plaintiff's Motion to Enforce Partial Settlement Agreement [Doc. 45] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Alternatively, the plaintiff requests that the Court grant the plaintiff's motion to amend his complaint to allege that he has been denied a name-clearing hearing. However, the plaintiff's motion to amend has not been referred to the undersigned; therefore, the plaintiff's request to amend remains an issue for the District Court to determine.